| | |
|---|---|
| R. Jason Richards (*pro hac vice*)<br>jrichards@awkolaw.com<br>AYLSTOCK, WITKIN, KREIS &<br>OVERHOLTZ, PLLC<br>17 East Main Street, Suite 200<br>Pensacola, FL 32505<br>Tel: (850) 202-1010<br>Fax: (850-916-7449)<br><br>R. Brent Wisner, Esq. (SBN 276023)<br>Hannah L.R. Quicksell (*pro hac vice*)<br>rbwisner@wisnerbaum.com<br>hquicksell@wisnerbaum.com<br>WISNER BAUM, LLP<br>11111 Santa Monica Blvd., Suite 1750<br>Los Angeles, CA 90025<br>Tel: (310) 207-3233<br>Fax: (310) 820-7444<br><br>*Attorneys for Plaintiffs*<br><br>Additional Counsel listed on signature page | Michael J. Shipley (SBN 233674)<br>michael.shipley@kirkland.com<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East<br>Los Angeles, CA 90067<br>Tel.: (213) 680-8400<br>Fax: (213) 680-8500<br><br>Devora W. Allon (*pro hac vice*)<br>Jay Lefkowitz (*pro hac vice*)<br>Kristopher P. Morton (*pro hac vice*)<br>devora.allon@kirkland.com<br>lefkowitz@kirkland.com<br>kristopher.morton@kirkland.com<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel.: (212) 446-5967<br>Fax: (212) 446-4900<br><br>*Attorneys for Defendant<br>Crown Laboratories, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE CROWN LABORATORIES BPO SALES AND MARKETING LITIGATION<br><br>This Document Relates To:<br><br><u>All Actions</u> | Lead Case No. 3:24-cv-01448-EMC<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Courtroom:   5, 17th Floor<br>Judge:         Hon. Edward M. Chen<br>Magistrate Judge: Hon. Thomas S. Hixson<br><br>Date Action Filed: March 8, 2024 |

<u>**[PROPOSED] STIPULATED PROTECTIVE ORDER**</u>

**1.     Purpose.**  Disclosure and discovery activity in the above-captioned litigation are likely to involve production of confidential, proprietary, or otherwise private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

may be warranted. Accordingly, pursuant to Fed. R. Civ. P. 26(C), Plaintiffs[1] and Defendant Crown Laboratories, Inc. (individually, each a "Party" and collectively, "the Parties") hereby stipulate and move the court to enter the following Stipulated Protective Order.

**2.    Scope.** All documents, electronically stored information, items, and other information produced or adduced in the course of discovery in this litigation, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order shall apply to any named Party to this litigation (including all of its officers, directors, employees, retained experts, outside counsel (and their support staff)). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**3.    Confidential Information.** As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personnel, product or financial content belonging to the Producing Party, and which is designated as "CONFIDENTIAL" for purposes of this litigation. Confidential Information

---

[1] "Plaintiffs" includes the plaintiffs to each of the consolidated actions in this litigation: Priscilla Garcia, Chinyere Harris, William Eisman, Michelle Hollins, Caitlyn Sheehan, Joseph Diamond, Lorrie Potter, Morgan Cratty, Aaron Corcoran, Kristen Davis, Leanne Campbell, Shannon Citrino, Lisa Lavarone, Erica Millbank, Destiny Jensen, Scott Linman, Noemi Gerena, Michael Taylor, Tiffany Snadowsky, Christina Stone, Marlena Timins, Trakiia Pierce, Erin Del Toro, Louisa Romo, Angelina Flores, Karen Hattley, Holley Grossenbacher, Latifah Abednego, Kayleigh Schneider, Jennifer Irizarry, Marilyn Saavedra, Emily Tam, Abdallah Al-Qudsi and Brett Gooden.

may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) current or future business strategies and other strategic planning information; (i) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (j) research and development information; (k) manufacturing know-how or technology; (l) board of directors materials and presentations; (m) customer lists or information; (n) negotiation strategies; (o) proprietary software, systems, or processes; (p) margin, cost, and pricing information; (q) intellectual property; or (r) other proprietary information which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. If required by applicable privacy laws, Confidential Information may also include personnel files that are designated as such for purposes of this litigation. The parties will make reasonable efforts to ensure that information or documents that are available to the public are not designated as Confidential Information.

4. **Designation**. A party may designate a document as Confidential Information for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the word "CONFIDENTIAL" on the document is not practicable, the Producing Party may designate the document as confidential by cover letter, slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of documents designated as

Confidential Information and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

5. **Depositions.** Unless all Parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the transcript is delivered to the Party or non-party being deposed. If counsel for any Party or non-party states on the record that the deposition testimony should be treated as Confidential Information, such testimony will be treated as Confidential Information for the thirty (30)-day period following the delivery of the final transcript to the Party seeking to designate material as Confidential Information. No later than the thirtieth day after the final transcript is delivered to (i) the Party or non-party being deposed, or (ii) a Party or non-party seeking to designate material as Confidential Information, whichever is later, a Party or non-party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall then provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential Information in the lower left-hand corner of each designated page.

6. **Protection of Confidential Information**.

    a. **General Protections.** Except as set forth below, Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this litigation, including any appeal thereof. In this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified. Nothing in this Order, however, shall prevent or prejudice any Party designating materials Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own

Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

    b.  **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below in the subparagraphs to this specific paragraph, respectively. The following categories of persons may be allowed to review Confidential Information:

    1) Counsel. Outside or in-house counsel for the Parties (or in-house counsel for the Parties' affiliates) and employees of such counsel who have responsibility for the preparation and trial of the action.

    2) Parties. Individual Parties and employees or former employees of a Party who are reasonably necessary for the preparation and trial of the action, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the individual party, employee, or former employee has knowledge; disclosure to such individual party, employee, or former employee is limited to the portion of the document about such events, transactions, discussions, communications, or data; and such Party, employee, or former employee has signed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound to this Order.

    3) The Court. The Court and its personnel.

    4) Mediators. Any mediator that the Parties engage or that this Court appoints in connection with the Case.

    5) Court Reporters and Recorders. Court reporters and their staff, and recorders engaged for depositions.

6) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

7) Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order.

8) Witnesses. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order.

9) Author or Recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation) containing the Confidential Information or a custodian or other person who otherwise possessed or knew the Confidential Information.

10) Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions,

discussions, communications or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the certification contained in Attachment A to this Order.

11) Others by Consent. Other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures for purposes of this Order.

c. **High Level Summaries**. Notwithstanding the provisions of paragraph 6(b), outside counsel for a Party that is a corporation or other type of business entity may provide high level summaries or characterizations of the evidence in the case to individuals employed by the party who have responsibility to make decisions regarding the defense or settlement of the case. Nothing in this Order is intended to bar or otherwise prevent any counsel from rendering advice to his or her client with respect to this litigation and, in the course of rendering such advice, from relying upon his or her examination or knowledge of Confidential Information.

d. **Control of Documents.** Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain copies of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

**8.** **Inadvertent Failure to Designate.** If timely corrected, an inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If the Producing Party timely designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the

confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court under seal must comply with Local Rule 79-5.

10. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an order providing such special protection. Nothing in this Order shall prevent a Party from seeking greater or lesser protection with respect to the use of any Confidential Information.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any document as Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

    a. **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    b. **Meet and Confer.** The party challenging the designation (the "Challenging Party") shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to

voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

        **c.**     **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Producing Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Producing Party to make such a motion including the required declaration within the relevant time period shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

     The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Producing Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**12.    Action by the Court.** Applications to the Court for an order relating to documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**13.    Use of Confidential Information at Trial.** Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the Parties take necessary advance precautions to avoid the public disclosure of Confidential Information. A Party that intends to present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention sufficiently in advance of the proceeding without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at hearing or trial.

**14.    Non-Parties.** In seeking discovery from non-parties, the Parties shall attach this Order to a copy of any subpoena or other discovery request. Non-parties from whom discovery is requested are Parties to this Order and are entitled to the protections of this Order in responding to such requests.

**15.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

   **a.**    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential Information, the Receiving Party must promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order.

   **b.**    The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

   **c.**    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not

produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this litigation to disobey a lawful directive from another court.

      **d.** **Unauthorized Disclosure or Use.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the certification contained in Exhibit A of this Order.

    **16.** **Obligations Upon Conclusion of Litigation.**

      **a.** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      **b.** **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Confidential information, including copies as defined in Paragraph 4(a), shall be returned to the Producing Party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so.

      **c.** **Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

19. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

20. **Future Parties.** The terms of this Order shall be binding upon all current and future Parties to this litigation and their counsel. Any Party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

21. **Personal Jurisdiction.** Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any Party, or parent or affiliate of any Party, that such Party, or parent or affiliate of a Party, is subject to personal jurisdiction in this Court or that discovery as to such Party, or parent or affiliate of a Party, shall proceed pursuant to the Federal Rules of Civil Procedure.

Dated: December 12, 2025                                   Respectfully submitted,

/s/ R. Jason Richards
R. Jason Richards (*pro hac vice*)
jrichards@awkolaw.com
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
17 East Main Street, Suite 200
Pensacola, FL 32505
Tel: (850) 202-1010
Fax: (850-916-7449)

/s/ R. Brent Wisner
R. Brent Wisner (SBN 276023)
Hannah L.R. Quicksell (*pro hac vice*)
rbwisner@wisnerbaum.com
hquicksell@wisnberbaum.com
WISNER BAUM, LLP
11111 Santa Monica Blvd., Suite 1750
Los Angeles, CA 90025
Tel: (310) 207-3233
Fax: (310_ 820-7444

/s/ Kiley Lynn Grombacher
Kiley Lynn Grombacher (SBN 245960)
kgrombacher@bradleygombacher.com
BRADLEY GOMBACHER, LLP
31365 Oak Crest Drive, Suite 240
Westlake Village, CA 91361
Tel: (805) 270-7100
Fax: (805) 618-2939

/s/ Thomas P. Cartmell
Thomas P. Cartmell (*pro hac vice*)
Melody R. Dickson (*pro hac vice*)
tcartmell@wcllp.com
mdickson@wcllp.com
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
Tel: (816) 701-1100
Fax: (816) 531-2372

/s/ Kristen Lake Cardoso
Kristen Lake Cardoso (SBN 338762)
cardoso@kolawyers.com
KOPELOWITZ OSTROW P.A.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
Fax: (954) 525-4300

*/s/ March S. Reich*
March S. Reich (*pro hac vice*)
mreich@zlk.com
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171

*Attorneys for Plaintiffs*


*/s/ Devora W. Allon*
Michael J. Shipley (SBN 233674)
michael.shipley@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90071
Tel.: (213) 680-8400
Fax: (213) 680-8500

Devora W. Allon, P.C. (*pro hac vice*)
Jay Lefkowitz (*pro hac vice*)
Kristopher P. Morton (*pro hac vice*)
devora.allon@kirkland.com
lefkowitz@kirkland.com
kristopher.morton@kirkland.com
601 Lexington Ave
New York, NY 10022
Tel.: (212) 446-5967
Fax: (212) 446-4900

*Attorneys for Defendant*
*Crown Laboratories, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: December 12, 2025

Hon. Thomas S. Hixson
United States Magistrate Judge

# ATTACHMENT A

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges and declares under penalty of perjury that he or she has read the Stipulated Protective Order ("Order") in *In re Crown Laboratories BPO Sales and Marketing Litigation*, Case No. 3:24-cv-01448-EMC (N.D. Cal.), that is attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Order obligate him or her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the specified litigation, and not to disclose any such Confidential Information to any other person, firm, entity, or party. The undersigned also acknowledges that violation of the Order may result in penalties for contempt of court. The undersigned submits to the jurisdiction of the Northern District of California in matters relating to the Order and appoints

_____ located at _____
**Name** **Address**

as his or her California agent for service of process in connection with this action or any proceedings related to the enforcement of this Protective Order.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____  Signature: _____

15

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE No. 3:24-cv-01448-EMC